[Civ. No. 13749.   Second Dist., Div. One.   Oct. 15, 1942.]

W. T. BELT et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

August J. O'Connor and George J. Hider for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar, Deputy City Attorney, for Respondent.

YORK, P. J. — By the instant action plaintiffs seek to recover damages from defendant city for the alleged wrongful death of their minor son, who was drowned in the Pacific Ocean, when he fell off a groin which was "owned, controlled, managed and maintained" by said city "across a public beach which extended into the Pacific Ocean just north and west of the City of El Segundo." On the right side of said groin sand had accumulated and formed a beach which was flush with the top of said groin, on the same level therewith and extending approximately 100 yards toward the water. On the left side of the groin no beach was formed from the extension to the sea, but it formed a wall at right angles to said beach, said wall being approximately six feet above the swirling waters of the ocean. It was alleged in the complaint that on February 1, 1941, and for many years prior thereto, members of the public, together with their families, were accustomed to visit said public beach, in the locality where this groin was maintained by defendant city, for the purpose of amusement and recreation; that the top of the groin was not protected in any way, no warnings were given or posted and no guards or protection of any nature were furnished.

A demurrer was sustained with permission to amend the complaint which was in one count framed on the theory of attractive nuisance. Thereafter plaintiffs filed their first amended complaint setting out two causes of action for the wrongful death, the first of which was based upon the theory of attractive nuisance, and the second upon the theory of the dangerous and defective condition of public property under the provisions of Public Liability Act of 1923 (Stats. 1923, page 675, Deering's Gen. Laws, Act 5619).

Defendant demurred generally and specially to the

amended complaint and contended that a groin could never constitute an attractive nuisance, and that no cause of action had been shown under the Public Liability Act, *supra*. Said demurrer was sustained without leave to amend and judgment dismissing the action was subsequently entered. This appeal is prosecuted from such judgment on the grounds that the court erred in holding as a matter of law (1) that a groin does not constitute an attractive nuisance, and (2) that no cause of action was stated under the Public Liability Act of 1923.

It is not contended that the groin was erected for recreational purposes; apparently, it was constructed and maintained solely to prevent the shifting of sand and the sloughing of the beach. It is not alleged that the groin was defective in any way, and whatever danger existed was perfectly obvious, even to a child of tender years. The conclusion contained in the complaint that the groin was an attractive nuisance is not borne out by the other allegations of said complaint. If plaintiffs had requested leave to amend their first amended complaint and had presented their proposed amended pleading in an attempt to cure at least the defects as to uncertainty, and such leave had been denied by the trial court, a different question would be presented to this court.

Under the facts and circumstances alleged in the first amended complaint, it does not appear that the groin constituted an attractive nuisance. Neither does it appear that the groin was maintained in a defective condition; therefore, no reason is shown for the necessity either of posting warnings or for placing guards around the groin.

The first amended complaint does not reveal how the groin could have been constructed or maintained, in order to prevent the occurrence of an accident such as is here under consideration, without destroying the usefulness of the groin itself.

The child, who was drowned, was eleven years of age, and it is alleged that he was well and strong, active, and a good student, so that we are not dealing with a person unable to observe and realize the existing danger. There is nothing alleged in the amended complaint to show that the existing danger was in any way concealed. In fact, the contrary is alleged.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 7, 1942. Curtis, J., and Carter, J., voted for a hearing.